**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| **CHERIE MILLS**, on behalf of herself and others similarly situated, : | |
| : | |
| Plaintiff, : | **CASE NO. 3:25-cv-50** |
| : | |
| v. : | **JUDGE** |
| : | |
| **LIVEWELL PARTNERS HOLDINGS INC.**, : | **MAGISTRATE JUDGE** |
| c/o Filejet Inc. : | **JURY DEMAND ENDORSED HEREON** |
| 300 Delaware Ave., Suite 210F : | |
| Wilmington, DE 19801; : | |
| : | |
| -and- : | |
| : | |
| **LIVEWELL PARTNERS LLC**, : | |
| 8008 Carondelet : | |
| Clayton, MO 63105 : | |
| : | |
| -and- : | |
| : | |
| **HOPE HOME CARE, LLC**, : | |
| c/o CT Corporation System : | |
| 4400 Easton Commons Way, Ste. 125 : | |
| Columbus, OH 43219, : | |
| : | |
| Defendants. : | |

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT FOR
VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

Named Plaintiff Cherie Mills ("Named Plaintiff"), individually and on behalf of others similarly situated, files her Collective Action Complaint against Defendants LiveWell Partners Holdings Inc.; LiveWell Partners LLC; and Hope Home Care, LLC ("Defendants") for their collective failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Named Plaintiff's FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are

1

based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I.     <u>JURISDICTION AND VENUE</u>

1. This action is brought pursuant to the FLSA and 28 U.S.C. § 1331.

2. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio, and Defendants conduct substantial business in the Southern District of Ohio.

## II.     <u>PARTIES</u>

### A.     <u>Named Plaintiff</u>

3. Named Plaintiff is an individual, a United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

4. Named Plaintiff has been employed by Defendants from approximately November 2020 through the present.

5. Named Plaintiff is a non-exempt employee who is entitled to overtime as defined by the FLSA, working most recently in the position of Registered Nurse in Miamisburg, Ohio.

6. During her employment, Named Plaintiff has worked forty (40) or more hours in one or more workweek(s).

7. At all times relevant, Named Plaintiff primarily performed non-exempt duties in furtherance of Defendants' business of providing home medical care to their clients.

8. Named Plaintiff's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A.**

B. **Defendants**

9. Defendant Livewell Partners Holdings Inc. is a foreign corporation that conducts substantial business activities in Ohio, including in the Southern District of Ohio.

10. Defendant Livewell Partners LLC is a foreign limited liability company that conducts substantial business activities in Ohio, including in the Southern District of Ohio.

11. Defendant Hope Home Care, LLC is a domestic limited liability company that conducts substantial business activities in Ohio, including in the Southern District of Ohio.

12. Defendants are joint employers and/or a single integrated enterprise that own and operate home health care services throughout Ohio and the country and similarly provide home health care services to their clients.

13. Defendants have registered multiple business entities as part of their enterprise to provide these services throughout the country.[1]

14. At all relevant times, Defendants jointly were an "employer" as that term is defined by the FLSA due to their employment of Named Plaintiff and those similarly situated as described herein.

15. Defendants maintain interrelated operations, centralized control of labor relations, common management, common ownership, and common financial control.

16. At all relevant times, Defendants have determined, shared, or co-determined those matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated employees at Defendants' facilities. In so doing, Defendants are responsible for

---

[1] Defendants currently have operations in five (5) states, including Apollo Belleville in Belleville, Illinois; Specialized Home Care Overland Park in Overland Park, Kansas; Specialized Home Care Wichita in Wichita, Kansas; Experts in Home Health Management in Bingham Farms, Michigan; John Paul Home Care & Hospice in Bingham Farms, Michigan; Apollo Creve Coeur in St. Louis, Missouri; Apollo Desoto in Desoto, Missouri; Specialized Home Care Independence in Independence, Missouri; and Hope Home Care in Miamisburg, Ohio. *Locations*, LIVEWELL, https://www.livewellpartners.com/locations/ (last visited February 20, 2025).

the human resources decision-making processes, including material terms and conditions of employment and other human resource operations, for Named Plaintiff and those similarly situated.

17.     At all relevant times, Defendants have had direct or indirect control and authority over Named Plaintiff's and other similarly situated employees' working conditions, including matters governing the essential terms and conditions of their employment. At all relevant times, Defendants exercised that authority and control over Named Plaintiff and other similarly situated employees.

18.     At all relevant times, Defendants have had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

19.     Upon information and belief, Defendants primarily function to operate a single group of home health care providers.

20.     Defendants form a "single employer" as a single integrated enterprise and/or joint employers of Named Plaintiff and similarly situated employees because they operate a chain of communities and interrelated operations, centralized control of labor relations, common management, and common ownership and financial control.

21.     Upon information and belief, Defendants have applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees at all of their locations, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

22.     At all relevant times, Defendants suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendants' benefit.

23.     During relevant times, Defendants maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

24.     During relevant times, Defendants benefitted from the work performed by Named Plaintiff and those similarly situated.

25.     Upon information and belief, Defendants have annual gross revenue exceeding $500,000 per year.

26.     Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States.

## III.     FACTS

27.     At all times relevant, Named Plaintiff and Defendants' other similarly situated employees are either non-exempt employees, or have otherwise not been compensated on a salary or fee basis, and are therefore entitled to overtime compensation.

28.     Named Plaintiff and Defendants' other home health employees have not been guaranteed any minimum amount of compensation per week. Rather, their compensation has been primarily tied to the number and length of time of visits to clients that they complete and hourly pay for time spent for meetings and training.

29.     Named Plaintiff has been employed by Defendants as a Registered Nurse from approximately November 2020 through the present in Miamisburg, Ohio.

30.     Named Plaintiff was hired and employed by Defendants and is entitled to overtime

5

pay.

31.     Defendants compensate Named Plaintiff and their other home health employees on an unlawful hybrid basis. Named Plaintiff's compensation generally includes (1) per-visit pay that varies in amount based on the type and length of visit; (2) hourly payments made for certain tasks, such as in-service meetings, trainings, and clinics that were based upon the duration of those tasks; and (3) no payment for other work, such as non-visit discharges, making calls, travel time, paperwork, and computer work that was performed outside of time spent in patients' homes.

32.     Regarding per-visit pay, Defendants paid Named Plaintiff and other similarly situated home health employees for visits to a patient's home, which varied based on the circumstances of the visit and the length of time each visit takes to complete. For example, Named Plaintiff was paid $35 for regular visits and $75 for visits with new patients because new patient visits typically take twice as long to complete as regular visits.

33.     Regarding hourly payments, Defendants paid Named Plaintiff and other similarly situated home health employees hourly for non-visit time, such as attending meetings or completing required trainings.

34.     Although Named Plaintiff and other similarly situated home health employees also performed numerous additional job duties, such as engaging in non-visit discharges, ordering patient supplies, making calls, traveling between clients, completing paperwork, and working on their computer outside of time spent in patients' homes, all of this worktime went unpaid.

35.     During relevant times, Named Plaintiff and other similarly situated home health employees worked in excess of forty (40) hours per week. These worked hours included time spent (i) calling clients and scheduling visits, (ii) preparing for visits, (iii) communicating with patients and other care professionals, (iv) in clients' houses, (v) traveling between clients, (vi) completing

paperwork and charting client visits and discharges, (vii) in meetings, and (viii) completing required trainings, among other tasks and duties such as ordering patient supplies. Much of the time associated with these tasks was not recorded or otherwise visible on the paychecks that Defendants issued to Named Plaintiff and other similarly situated home health employees.

36.     Defendants had a policy and/or practice or not paying their home health employees for all time spent completing job activities including but not limited to items (i), (ii), (iii), (v), (vi), and (vii) above.

37.     Defendants' failure to compensate Named Plaintiff and other similarly situated home health employees, as set forth above, resulted in unpaid overtime.

38.     Defendants' unlawful pay policies, as alleged herein, denied Named Plaintiff and those similarly situated home health employees all of the compensable overtime hours and compensation that they earned.

39.     During relevant times, Defendants knew of and acted willfully regarding their conduct described herein. Defendants knew Named Plaintiff and others similarly situated worked overtime without compensation for all overtime hours worked.

40.     Upon information and belief, Defendants applied these same policies to all of their home health employees at all their locations.

41.     As a result of Defendants' companywide policy and/or practices described above, Defendants knew or had reason to know that they were not compensating Named Plaintiff and other similarly situated home health employees for all hours worked.

## IV. FLSA COLLECTIVE ALLEGATIONS

42. Named Plaintiff brings her FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action for herself and all other similarly situated home health employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former home health employees of Defendants who worked for at least forty (40) hours in any workweek and were paid, in part, on a per-visit basis beginning three (3) years before the filing date of this Complaint and continuing through the final disposition of this case (hereinafter the "FLSA Collective" or "Potential FLSA Collective Members").**

43. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

44. In addition to Named Plaintiff, the Potential FLSA Collective Members have been denied proper overtime compensation due to the companywide time and pay policies and/or practices described herein. Defendants failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the Potential FLSA Collective Members overtime wages for all overtime hours worked. Named Plaintiff is representative of those other similarly situated home health employees and is acting on behalf of their interests as well as her own in bringing this action.

45. The identities of the Potential FLSA Collective Members are known to Defendants and are readily identifiable through Defendants' records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

46.     The net effect of Defendants' policies and practices is that Defendants willfully failed to fully and properly pay Named Plaintiff and the Potential FLSA Collective Members overtime wages. Thus, Defendants enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the Potential FLSA Collective Members.

V.     **CAUSE OF ACTION**

**COUNT I**:
**FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME**

47.     All of the preceding paragraphs are realleged as if fully rewritten herein.

48.     This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

49.     The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207(a)(1).

50.     During the three (3) years preceding the filing of this Complaint, Defendants have employed Named Plaintiff and the Potential FLSA Collective Members.

51.     Named Plaintiff and the Potential FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks.

52.     Defendants have violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them overtime wages for all hours worked over forty (40) hours in a workweek because of Defendants' policies and/or practices described herein.

53.     Defendants also violated the FLSA by failing to maintain and preserve payroll or other records containing, among other things, the hours worked each workday, and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq*.

54.     Named Plaintiff and the Potential FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

9

55.     Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Potential FLSA Collective Members are entitled.

56.     The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiff and the Potential FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

57.     As a direct and proximate result of Defendants' conduct, Named Plaintiff and the Potential FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the Potential FLSA Collective Members.

## VI.     PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendants and for an Order:

A.     Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

B.     Finding that Defendants failed to keep accurate records and that, as a result, Named Plaintiff and the FLSA Collective are entitled to prove their hours worked with reasonable estimates;

C.     Awarding to Named Plaintiff and the Potential FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

10

D.      Awarding to Named Plaintiff and the Potential FLSA Collective Members costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

E.      Awarding to Named Plaintiff and the Potential FLSA Collective Members such other and further relief as the Court deems just and proper;

F.      Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

G.      Rendering a judgment against Defendants for all damages, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (0100041)
Tristan T. Akers (0102298)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
        agedling@mcoffmanlegal.com
        khendren@mcoffmanlegal.com
        takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated.*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

/s/ Matthew J.P. Coffman
Matthew J.P. Coffman