**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| CHERIE MILLS, on behalf of herself and others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>LIVEWELL PARTNERS HOLDINGS INC., LIVEWELL PARTNERS LLC, AND HOPE HOME CARE, LLC,<br><br>        Defendants. | No. 3:25-cv-00050-TMR-PBS<br><br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT WITH AFFIRMATIVE DEFENSES**

Defendants Livewell Partners Holdings, Inc. ("Livewell Holdings"); Livewell Partners LLC ("Livewell Partners"); and Hope Home Care LLC ("Hope Home") (collectively referred to herein as "Defendants"), by and through their undersigned counsel, hereby answer the Collective Action Complaint for Violations of the Fair Labor Standards Act [ECF No. 1] filed by Plaintiff Cherie Mills ("Plaintiff") as follows:

**ANSWER**

### I.    JURISDICTION AND VENUE

1.    Defendants deny the allegations contained in Paragraph 1 of the Complaint inasmuch as Plaintiff does not have standing to pursue actions asserted in the Complaint. To the extent that this paragraph contains conclusions of law, no response is required under the Federal Rules of Civil Procedure.

2.  Defendants deny the allegations contained in Paragraph 2 of the Complaint inasmuch as Plaintiff does not have standing to pursue actions asserted in the Complaint. To the extent that this paragraph contains conclusions of law, no response is required under the Federal Rules of Civil Procedure.

**II.  PARTIES**

**A.  Named Plaintiff**

3.  Defendants admit only that Named Plaintiff is an individual and a United States Citizen. As Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of Plaintiff's averment that she is currently a resident of the Southern District of Ohio, this averment is denied.

4.  Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.  Defendants admit only that Plaintiff was employed by Hope Home as a Registered Nurse. The remaining averments are denied. To the extent that this Paragraph contains legal conclusions, no response is required.

6.  Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.  Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.  Defendants admit Plaintiff filed a written consent to join a collective action pursuant to 29 U.S.C. § 216(b) but denies that Plaintiff has standing to assert a claim under the FLSA or that her claim is appropriate for collective treatment.

**B.  Defendants**

9.  Defendants admit only that Livewell Holdings is a foreign corporation. The remaining averments are denied. To the extent that this Paragraph contains legal conclusions, no response is required.

FP 54840655.1

10. Defendants admit only that Livewell Partners is a foreign limited liability company. The remaining averments are denied. To the extent that this Paragraph contains legal conclusions, no response is required.

11. Defendants admit only that Hope Home is a domestic limited liability company that conducts business within this District. The remaining averments are conclusions of law to which no response is required. To the extent a response is required to the remaining averments, they are denied.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint. To the extent that this Paragraph contains legal conclusions, no response is required.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint. To the extent that this Paragraph contains legal conclusions, no response is required.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint. To the extent that this Paragraph contains legal conclusions, no response is required.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint. To the extent that this Paragraph contains legal conclusions, no response is required.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint. To the extent that this Paragraph contains legal conclusions, no response is required.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint. To the extent that this Paragraph contains legal conclusions, no response is required.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint. To the extent that this Paragraph contains legal conclusions, no response is required.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint. To the extent that this Paragraph contains legal conclusions, no response is required.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint. To the extent that this Paragraph contains legal conclusions, no response is required.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants admit the allegations contained in Paragraph 25 of the Complaint.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

## III. FACTS

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint. By way of further response, Plaintiff was employed by Hope Home Care as a Registered Nurse at all times relevant to the Complaint and was paid on a fee basis consistent with the FLSA's professional exemption. Defendants deny the remaining allegations contained in Paragraph 27 inasmuch as Plaintiff does not have standing to pursue actions asserted in the Complaint.

28. Defendants admit only that Plaintiff was not guaranteed a minimum amount of compensation per week. The remaining allegations are denied. Defendants deny the allegations contained in Paragraph 28 of the Complaint inasmuch as Plaintiff does not have standing to pursue actions asserted in the Complaint.

FP 54840655.1

29.      Defendants admit only that Plaintiff was employed by Hope Home from October 30, 2020, until March 7, 2025, and that she last held the title of Registered Nurse. The remaining averments are denied.

30.      Defendants admit only that Plaintiff was hired and employed by Hope Home. The remaining averments are denied. Defendants deny the allegations contained in Paragraph 30 of the Complaint inasmuch as Plaintiff does not have standing to pursue the claim asserted in the Complaint.

31.      Defendants admit only that Plaintiff was paid on a per-visit, or fee, basis. The remaining averments are denied. Defendants deny the allegations contained in Paragraph 31 of the Complaint inasmuch as Plaintiff does not have standing to pursue the claim asserted in the Complaint.

32.      Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.      Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.      Defendants admit the allegations contained in Paragraph 34 of the Complaint. By way of further response, Hope Home captured and paid Plaintiff for all hours worked in accordance with the FLSA. Defendants deny the allegations contained in Paragraph 34 of the Complaint inasmuch as Plaintiff does not have standing to pursue the claim asserted in the Complaint.

35.      Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.      Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.      Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.      Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.      Defendants deny the allegations contained in Paragraph 39 of the Complaint. To the extent that this Paragraph contains legal conclusions, no response is required.

5

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint.

## IV.     FLSA COLLECTIVE ALLEGATIONS

42.     Defendants deny that this case is appropriate for collective treatment and therefore deny the allegations contained in Paragraph 42 of the Complaint. Defendants further deny these allegations on the grounds that Plaintiff lacks standing to assert a claim for unpaid overtime under the FLSA and serve as a representative.

43.     Defendants admit only that Plaintiff purports to assert a collective action pursuant to 29 U.S.C. § 216(b). The remaining averments are denied. Defendants deny the allegations contained in Paragraph 43 of the Complaint inasmuch as Plaintiff does not have standing to pursue the claim asserted in the Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint. Defendants deny the allegations contained in Paragraph 44 of the Complaint inasmuch as Plaintiff does not have standing to pursue the claim asserted in the Complaint.

45.     Defendants admit only that the identities of the Potential FLSA Collective Members are readily identifiable through Defendants' records. The remaining averments are denied. Defendants deny the allegations contained in Paragraph 45 of the Complaint inasmuch as Plaintiff does not have standing to pursue the claim asserted in the Complaint.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint. To the extent that this Paragraph contains legal conclusions, no response is required.

## V.     CAUSE OF ACTION

### COUNT I:
### FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME

FP 54840655.1

47. Defendants restate, reaver, and incorporate by reference their answers to Paragraphs 1 through 46 of the Complaint, above, as if fully rewritten herein.

48. Defendants admit only that Plaintiff purports to bring a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and similarly situated employees. The remaining averments are denied insomuch as Plaintiff lacks standing to bring a claim for unpaid overtime under the FLSA.

49. Paragraph 49 contains a legal conclusion to which no response is required. To the extent a response is required, the averments are denied.

50. Defendants admit only that Plaintiff was employed by Hope Home during the three years preceding the filing of the Complaint. The remaining averments set forth in Paragraph 50 of the Complaint are denied.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint. To the extent that this Paragraph contains legal conclusions, no response is required.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint. To the extent that this Paragraph contains legal conclusions, no response is required.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint. To the extent that this Paragraph contains legal conclusions, no response is required.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint. By way of further response, Plaintiff lacks standing to bring a claim for overtime under the FLSA because she did not work forty or more hours in a single workweek in the three years preceding the filing of the Complaint.

FP 54840655.1

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint. To the extent that this Paragraph contains legal conclusions, no response is required.

## VI.     PRAYER FOR RELIEF

A.– G.  Plaintiff's prayer for relief does not require a response, but insomuch as a response is required, Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE AND/OR SPECIAL DEFENSES

1.     Plaintiff's claims and/or the claims of the purported collective members are barred due to lack of personal jurisdiction over the punitive nationwide collective members.

2.     Plaintiff's Complaint should be dismissed, in whole or in part, for failure to state a claim or claims upon which relief can be granted.

3.     Plaintiff's claims and/or the claims of the purported collective members are barred to the extent they were not employed by one or more of the Defendants.

4.     Defendants were neither joint employers nor a single integrated enterprise for the purpose of the FLSA in the three years preceding the filing of Plaintiff's Complaint.

5.     Plaintiff and the purported collective members are not entitled to the damages requested in the Complaint.

6.     Plaintiff's claims and/or the claims of the purported collective members are barred to the extent they are based upon conduct that occurred outside the applicable statute of limitations.

7.     Plaintiff and the purported collective members lack standing to bring the alleged claims raised in this suit.

8.     Plaintiff's claims and/or the claims of purported collective members are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, to the extent actions taken in connection with her (and their) compensation were done in good faith in conformity with and reliance upon written regulations, orders, rulings, approvals,

8

interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

9. Plaintiff's claims and/or the claims of purported collective members for liquidated damages are barred in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

10. Plaintiff's and the purported collective members' claims are barred in whole or in part by the doctrine of *de minimis non curat lex.*

11. Defendants did not maintain an unlawful "hybrid" compensation scheme like that employed by the Defendants in *Elwell v. Univ. Hospital Home Care Servs.,* 276 F.3d 832 (6th Cir. 2002), and, accordingly, all Registered Nurses employed by Defendants remained exempt from the FLSA's overtime pay requirements.

12. Plaintiff's claims are barred to the extent Plaintiff and any of the purported collective members misrepresented to Defendant the number of hours actually worked.

13. Plaintiff's claims and/or the claims of the purported collective members under the FLSA are barred by the application of the doctrine of payment because all such persons have been paid all wages due.

14. The claims of Plaintiff and/or the claims of the purported collective members are barred in whole or in part by exclusions, exceptions, credits or offsets permissible under the FLSA, including, but not limited to, credits under 29 U.S.C. § 207(h).

15. The claims of Plaintiff and/or the claims of the purported collective members are barred in whole or in part by exclusions, exceptions, credits or offsets permissible under the FLSA and the definition of what constitutes compensable "hours worked," including for paid breaks

9

under *Ruffin v. MotorCity,* 2014 U.S. Dist. LEXIS 185592, at \*10-12 (E.D. Mich. March 10, 2014), *aff'd*, 775 F.3d 807 (6th Cir. 2015).

16. Any claim by Plaintiff and/or the claims of purported collective members are barred to the extent that they have submitted false or inaccurate time records or failed to report time they claim to have worked and/or to the extent their own conduct resulted in them not being compensated in accordance with the FLSA. In these instances, the claims are barred in whole or in part by estoppel, unclean hands, waiver, and other doctrines.

17. Defendants have, at all times, acted in good faith and had reasonable grounds to believe its pay practices complied with applicable law.

18. To the extent alleged, Plaintiff and purported collective members are barred from an award of compensatory and punitive damages or equitable relief because this is an action for unpaid wages under the FLSA and such damages are unrecoverable under the FLSA.

19. Plaintiff and the other purported collective members cannot establish any act or omission of Defendant that was willful under the FLSA.

20. Plaintiff's Complaint fails to properly state, meet, plead and/or otherwise satisfy the requirements to maintain a collective action under Section 216(b) of the FLSA.

21. Plaintiff and the other purported collective members are not similarly situated to each other or any other current or former employee of Defendant within the meaning of the FLSA, 29 U.S.C. § 216(b).

22. Plaintiff has failed to satisfy the requirements for a collective action pursuant to Section 216(b) of the FLSA and, therefore, the collective allegations of the Complaint should be stricken.

FP 54840655.1

23. Defendant's pay practices comply with and have complied with at all relevant times the requirements of all applicable statutes and regulations.

24. To the extent either Plaintiff or the purported collective members were not paid the minimum wage for all hours worked (which is denied), the uncompensated time is *de minimis*.

25. The imposition of statutory penalties would violate Defendants' rights, including the right to due process and equal protection under the United States Constitution and other laws.

26. Plaintiff's claims arising under the FLSA should be dismissed because the Complaint does not allege dates and periods worked and/or amounts of compensation owed and does not allege that Plaintiff's wages for any workweek fell below the minimum wage based on the number of hours worked during that week.

27. The claims of the purported collective members asserted in this action are barred to the extent that any members of the purported collective action have entered into a binding arbitration agreement with Defendant.

28. Defendant expressly reserves the right to amend its Answer and to assert additional affirmative defenses, and to supplement, alter, or change this Answer and separate defenses upon revelation of more definitive facts by Plaintiff and/or upon Defendants' undertaking of discovery and investigation of this matter. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

**WHEREFORE**, having answered the Complaint, Defendants hereby respectfully demand that the Complaint be dismissed in its entirety with prejudice as to future action; that Plaintiff and all other individuals on whose behalf Plaintiff purports to assert claims be denied all relief demanded in the Complaint; that Defendants be awarded their costs, expenses, and attorneys' fees

11

in defending this action; and that Defendants be awarded any or other further relief to which they are entitled.

**FISHER & PHILLIPS LLP**

*s/ Richard A. Millisor*
Richard A. Millisor (0062883)
Amy L. Kullik (0069663)
200 Public Square, Suite 4000
Cleveland, OH 44114
Phone: (440) 838-8800
Fax: (440) 838-8805
rmillisor@fisherphillips.com
akullik@fisherphillips.com

Monica L. Simmons, Esq.
(Admitted *pro hac vice*)
Fisher & Phillips
Two Logan Square
100 N. 18th Street, 12th Floor
Philadelphia, PA 19102
Tel.: (610) 230-2150
Fax: (610) 230-2151
msimmons@fisherphillips.com

**ATTORNEY FOR DEFENDANTS
LIVEWELL PARTNERS HOLDINGS INC.,
LIVEWELL PARTNERS LLC, AND HOPE
HOME CARE, LLC**

12

FP 54840655.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th Day of May, 2025, the foregoing was filed electronically with the Clerk of Court using the Court's electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Richard A. Millisor*
Richard A. Millisor (0062883)